The People of the State of Illinois, Plaintiff-Appellant, v. Michael Mormino, Principal, and the Stuyvesant Insurance Company, Surety, Defendants-Appellees.

Gen. No. 49,527.

First District, Fourth Division.

December 2, 1964.

1

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellant.

Barry Goodman, of Chicago, for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.
' Scire facias proceedings were instituted in the Criminal Court of Cook County based upon a bond forfeiture entered by the Municipal Court of Oak Park. This appeal has been taken from an order of the Criminal Court dismissing the proceedings.

An information was filed against defendant Mormino in the Oak Park Court and he made bond with The Stuyvesant Insurance Company as surety. On December 20, 1962 the defendant failed to appear and his bond was forfeited. On January 17, 1963 the defendant surrendered himself in open court, the case was continued, and the defendant was released on a new bond. At that time, however, no motion was made to vacate the previous order of forfeiture.

The next day, January 18, 1963, the State commenced the scire facias proceedings in the Criminal Court. Numerous continuances were granted in both courts which are of no consequence to the matter now under consideration.

2

Stuyvesant filed a petition in the Criminal Court on May 6, 1963, pursuant to statute (Ill Rev Stats, c 38, § 625f), asking that the bond forfeiture be vacated, the surety released and the proceedings dismissed because of the defendant's surrender and the making of the new bond.

On June 24, 1963 Stuyvesant also petitioned the Oak Park Court to vacate its order of forfeiture. This petition was allowed and an order was entered by that court on July 29, 1963, purporting to vacate its order of December 20, 1962 wherein it had declared the bond forfeited.

Stuyvesant then filed a petition in the Criminal Court on July 30, 1963 reciting the action taken on the previous day by the Oak Park Court, pointing out that the forfeiture which had thus been vacated had been the basis of the scire facias proceedings in the Criminal Court, and asking that those proceedings be therefore dismissed.

In the Criminal Court on October 7, 1963 the State filed an answer to Stuyvesant's earlier petition filed in that court on May 6, 1963, and in so doing appears to have overlooked or ignored the petition just referred to which was filed on July 30, 1963.

On November 4, 1963 the Criminal Court entered the order from which this appeal has been taken by the State. It reads, in full, as follows:

> The above cause having come on to be heard on the regular call of the instant matter and the Court being advised that on July 29, 1963 the Village Court of Oak Park vacated the Order of Bond Forfeiture entered on December 20, 1962 upon which the instant scire facias proceedings is based and all of the above proceedings having occurred within the statutory pe-

riod following the entry of the Bond Forfeiture heretofore entered,

IT IS HEREBY ORDERED that the instant scire facias be and the same is hereby dismissed upon the payment of Court costs of $29.00.

▮ The State has appealed on the ground that the Oak Park Court was without jurisdiction to enter the order of July 29, 1963, and that in consequence the Criminal Court committed error in relying thereon. The point is made under Section 625f of the Criminal Code that once scire facias proceedings have been commenced, it is only the court in which they are pending which has the power to vacate the bond forfeiture. We agree with this interpretation of the statute.

Stuyvesant relies on the language of Section 625 (Ill Rev Stats 1961, c 38, § 625) which states that the court declaring the forfeiture "may, in its discretion, set aside such forfeiture . . ." This argument overlooks the highly significant clause immediately preceding the words just quoted. It reads: "Before any proceeding shall have been instituted on any such forfeited bond or recognizance, the court may" etc.

From a reading of the two sections of the statute in tandem, we conclude that after the scire facias proceedings were started in the Criminal Court, that court alone had the authority to vacate the forfeiture, and the Oak Park Court lacked jurisdiction to do so.

▮ Returning to the Criminal Court order appealed from, the only reason stated therein for dismissal of the scire facias proceedings was the Oak Park Court's vacatur which, as we have indicated, we consider to be void. While, in determining this appeal, we are not restricted to the basis recited

4

in the Criminal Court order, and it would be open to us to affirm the order for any other reason which we might find supports it, no other reason has been suggested to us and we are aware of none. Being predicated, therefore, only upon the action of the Oak Park Court which we find to have been a nullity, the order of the Criminal Court is reversed and the cause is remanded for further scire facias proceedings * not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.

ON REHEARING

After reconsideration of this case we confirm our previously filed opinion in so far as it reversed the Criminal Court's order of November 4, 1963 dismissing the scire facias proceedings.

At this point there then remains undecided, by either the trial court or this court, the surety's petition in the Criminal Court to vacate the bond forfeiture. As the basis for the relief sought, the petition alleged the original defendant's surrender to the Oak Park Court and the making of a new bond. The State's Attorney had filed an answer neither admitting nor denying those allegations of fact, but demanding strict proof.

No order was ever entered by the Criminal Court disposing of this petition, and the abstract discloses no taking of proof thereon nor consideration thereof by the court in any way whatsoever. On rehearing, however, it has been pointed out that in an unab-

---

* Upon the setting aside of the order appealed from, it would appear that the Stuyvesant petition of May 6, 1963 and the State's answer of October 7, 1963 remain to be acted upon.

5

■■■

stracted part of the record there appears an important colloquy between court and counsel at the hearing on the other petition. It there appears that the State's Attorney, contrary to the position taken in his answer, conceded in open court that the defendant had, in fact, surrendered himself to the Oak Park Court after the bond forfeiture, and that a new bond had, in fact, been made.

■ On this state of the record, the trial court on remand would not be required to conduct further hearings to ascertain the pertinent facts alleged in the petition. The allegations could be accepted as true, and under these circumstances the surety would be entitled to an order vacating the forfeiture, exonerating the surety, and dismissing the scire facias proceedings. All that remains to be done, then, is to enter the order, and this court has equal authority with the trial court to enter such an order. Ill Rev Stats 1963, c 110, § 92(1)(e). We shall, therefore, do so, and the cause will not be remanded.

The bond forfeiture entered by the Municipal Court of Oak Park on December 20, 1962 is wholly remitted, the surety is released, and the scire facias proceedings in the Criminal Court are dismissed, all conditioned, however, upon payment by the surety of the Criminal Court costs of $29 to the Clerk of the Circuit Court.

Reversed and dispositive order entered here.

McCORMICK, P. J. and DRUCKER, J., concur.